# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DELBERT M. GREENE,

    *Petitioner*,

vs.

E.K. MCDANIEL,

    *Respondent*.

3:09-cv-00601-ECR-VPC

ORDER

This represented habeas matter comes before the Court on respondents' motion (#30) to dismiss. Respondents seek the dismissal of the petition: (a) as untimely; (b) as successive as to Grounds 1 and 3; (c) as unexhausted, in whole or in part, and (d) on the basis of procedural default as to Grounds 1 and 2.

The Court must consider the successive-petition issue first, because the issue goes to the jurisdiction of the federal district court in the first instance.[1] The district court may reach the timeliness, exhaustion and procedural default issues only if the petition is not successive, as the petitioner first must seek permission from the Court of Appeals to pursue a successive petition. The analysis of the successive-petition issue in this case turns on the state court procedural history leading up to a 2009 second amended judgment of conviction.

/ / / /

---

[1] *See, e.g., Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

***Background***

Petitioner Delbert Greene challenges his Nevada state conviction, pursuant to a jury verdict, of burglary while in possession of a deadly weapon (Count I), conspiracy to commit robbery (Count II), and robbery with the use of a deadly weapon (Count III).

At a September 9, 2003, sentencing, the district court sentenced Greene to: (a) 36 to 156 months on Count I; (b) 18 to 60 months on Count II, consecutive to Count I; and (c) 48 to 180 months on Count III, plus an equal and consecutive term on the weapon enhancement. The court stated that Count III was to run concurrently with Count I and consecutively to Count II.[2]

The October 3, 2003, original judgment of conviction reflected the foregoing sentencing except that the judgment failed to include the consecutive weapon enhancement sentence on Count III.[3]

On May 18, 2004, on direct appeal, the Supreme Court of Nevada affirmed the conviction but remanded for a new sentencing hearing. The state high court noted: (1) that the sentence for Count III could not run concurrently with Count I and consecutively to Count II when the sentence imposed for Count II ran consecutively to Count I; and (2) that the judgment of conviction made no mention of the deadly weapon enhancement imposed for Count III.[4]

On July 8, 2004, petitioner appeared before the state district court with counsel. The district court sentenced Greene to: (a) 36 to 156 months on Count I; (b) 18 to 60 months on Count II, consecutive to Count I; and (c) 48 to 180 months on Count III, plus an equal and consecutive term on the weapon enhancement. The court stated that Count III was to run consecutively to Counts I and II. #31, Ex. 4, at electronic docketing page 2.

////

---

[2] #31, Ex. 16, at 21-22.

[3] #31, Ex. 18.

[4] #32, Ex. 23, at 1-2.

1   The July 15, 2004, first amended judgment of conviction reflected the foregoing
2   sentence structure, except that last line of the judgment read: "Count III to run consecutive
3   to Counts II and *III*."[5]

4   Greene appealed the amended judgment of conviction.  However, the above error in
5   the recital in the first amended judgment apparently was not raised on the appeal, and it was
6   not noticed at that time by the state supreme court.

7   On August 24, 2005, the Supreme Court of Nevada affirmed.  The ninety-day period
8   for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on
9   Tuesday, November 22, 2005.[6]

10  Meanwhile, during the foregoing proceedings on direct review, petitioner filed
11  proceedings in the state district court and/or state supreme court challenging his conviction
12  and/or sentence, including a state post-conviction petition.[7]  In the main, the pendency of
13  these proceedings would have no bearing on statutory tolling of the federal limitation analysis
14  under 28 U.S.C. § 2244(d)(2) because they occurred prior to the conclusion of direct review
15  by the expiration of the period for seeking *certiorari* on November 22, 2005.  However,
16  proceedings on the state post-conviction appeal, which was decided on the merits, extended
17  seven days later, through the issuance of the remittitur on November 29, 2005.[8]

18  On April 3, 2006, under No. 2:06-cv-00402-RLH-LRL, the Clerk of this Court received
19  and filed an application to proceed *in forma pauperis* submitted with a federal habeas petition.
20  On April 11, 2006, the Court denied the pauper application and gave petitioner a period of
21  time within which to pay the $5.00 filing fee.  Petitioner did not pay the filing fee within the time
22  allowed.  He instead sent a letter to the Court dated June 20, 2006, that, *inter alia*, requested

---

[5] #32, Ex. 26, at 3 (emphasis added).

[6] #33, Ex. 40.

[7] See ## 32-33, Exhs. 28-46.

[8] #33, Ex. 46.  There were additional state court proceedings between November 29, 2005, and the expiration of the federal limitation period on November 29, 2006.  The proceedings, however, did not constitute a state post-conviction petition or other proceeding for collateral review.  See #33, Exhs. 47-52.

-3-

that his federal petition be stricken from the record as "another avenue would be better suitable in my condition." The Court thereafter dismissed the petition without prejudice by an order and judgment entered on June 28, 2006. Petitioner did not appeal the dismissal.

On August 17, 2006, under No. 2:06-cv-01009-RCJ-RFF, the Clerk of this Court received and filed an application to proceed *in forma pauperis* submitted with a federal habeas petition. After proceedings on the pauper application and payment of the filing fee, the Court screened the petition. Following screening, the Court identified a number of defects in the petition and gave petitioner an opportunity to amend. *Inter alia*, petitioner had sought to present claims and supporting allegations in an unverified supporting memorandum rather than within the verified petition. Petitioner thereafter filed an amended petition. Despite the prior screening order, petitioner once again sought to present claims and supporting allegations in an unverified memorandum. The Court accordingly dismissed the action without prejudice on January 11, 2007. Petitioner did not appeal the dismissal.

On or about January 24, 2007, under No. 2:07-cv-00092-LRH-LRL, the Clerk of this Court received and filed an application to proceed *in forma pauperis* submitted with a federal habeas petition. By an order and judgment entered on May 29, 2008, the Court dismissed the petition as time-barred under the federal one-year limitation period. On appeal, under No. 08-16555 in the Ninth Circuit, the Court of Appeal granted a certificate of appealability in part and directed appointment of counsel. In a memorandum opinion filed on June 2, 2010, the Ninth Circuit affirmed, holding that the Court's dismissal in No. 2:06-cv-01009 did not provide a basis for equitable tolling. The mandate issued on December 22, 2010, after the represented petitioner ultimately did not seek *certiorari* review in the United States Supreme Court.

Meanwhile, during the pendency of the appellate proceedings in No. 2:07-cv-00092, in and after July 2008, petitioner challenged his conviction and/or sentence in additional state proceedings. On August 25, 2009, the Supreme Court of Nevada affirmed a state district court decision dismissing a July 11, 2008, state post-conviction petition as, *inter alia*, untimely.

////

In its August 25, 2009, order, the Supreme Court of Nevada noted, however, that there was an error on the face of the first amended judgment of conviction. The amended judgment of conviction stated that Count III was to run consecutive to Counts II and III when the record reflected that the district court instead intended that Count III run consecutive to Counts I and II. The state supreme remanded "for the district court to enter a corrected judgment of conviction to correct the clerical error" and "to transmit the corrected judgment of conviction to the Department of Corrections." Nothing in the state supreme court's order directed that a new sentencing hearing be held. The state high court instead directed only that the clerical error in the first amended judgment of conviction be corrected.[9]

On September 3, 2009, the state district court filed a second amended judgment of conviction, which directed that "COUNT 3 is to run CONSECUTIVE to COUNTS 1 & 2, NOT, as to Counts 2 & 3 as stated in the Amended Judgment of Conviction."[10] No appeal was taken from the second judgment of conviction, and the time for doing so expired on Monday, October 5, 2009.

Also during the pendency of the appeal in No. 2:07-cv-00092, on October 8, 2009, the Clerk of this Court received and filed the *pro se* original petition in this matter. On January 22, 2010, petitioner's counsel from No. 2:07-cv-00092 unilaterally entered an appearance in this matter, without this Court having granted a motion for appointment of counsel for this matter. *Pro bono* counsel ultimately requested to be relieved of representation in her pending cases in January 2011, and the Court appointed replacement counsel in this case out of an abundance of caution. The matter now is before the Court on respondents' motion to dismiss, on the grounds outlined at the beginning of this order.

During the pendency of the current federal habeas proceedings, petitioner has filed two state post-conviction petitions, with the first such petition being mailed for filing on or about February 12, 2010. The state district court denied relief, and the Supreme Court of Nevada

---

[9] #34, Ex. 66, at 4-5.

[10] #34, Ex. 67.

affirmed. The state supreme court held that the petitions were both untimely and successive. The remittitur on the consolidated post-conviction appeals issued on December 3, 2010.[11]

In the present matter, the counseled third amended petition (#28), filed on June 2, 2011, presents three grounds. In Ground 1, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment at the 2004 resentencing. In Ground 2, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when the state district court entered the second amended judgment of conviction in 2009 without an opportunity for either petitioner or counsel to be present. In Ground 3, petitioner alleges that he was subjected to double jeopardy in violation of the Fifth Amendment when the punishment was enhanced on both the burglary and robbery charges based upon his co-conspirator's possession of a weapon.

## *Discussion*

### *Successive Petition*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. Dismissal of a prior federal petition as untimely renders subsequent federal petitions challenging the same conviction second or successive petitions. *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009). Moreover, the successive petition rules apply to a later federal petition filed while an appeal from the dismissal of a prior federal petition is pending. *See, e.g., Beaty v. Schriro*, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009)( a petitioner may not rely on prior cases construing a later petition as an amended petition "after the district court has ruled and proceedings have begun in" the court of appeals.)

The threshold question, however, is whether the later petition is a successive petition, which is a term of art that does not apply to all later-filed federal petitions. In this case, the Court is constrained by *Magwood v. Patterson*, ___ U.S. ___, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), to hold that the petition in this case, in its entirety, is not a successive petition.

---

[11]See #34, Exhs. 69-88.

In *Magwood*, the petitioner's death sentence was overturned on federal habeas review, and he was again sentenced to death following a new penalty proceeding and new judgment. The Supreme Court held that the petitioner's subsequent federal petition was not successive, even though he included claims that could have been raised previously as to the prior death sentence. The Court stated that "[t]his case gives us no occasion to address" the question of whether a petitioner in the context presented could challenge "not only his resulting, new sentence, but also his original undisturbed conviction." 130 S.Ct. at 2802-03. However, the majority's responses to the multiple arguments raised by the State and the dissenters as to the resulting reach of the *Magwood* holding all returned to the same proposition: "AEDPA's text commands a more straightforward rule: where . . . there is a 'new judgment intervening between two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all." 130 S.Ct. at 2802.[12]

Applying this "straightforward rule" to the present case, there is a new judgment intervening between the 2007 and 2009 federal petitions, the September 3, 2009, second amended judgment of conviction. Accordingly, the present "application challenging the resulting new judgment is not 'second or successive' at all." *Cf.* 130 S.Ct. at 2802.

If the petition is not successive, the reviewing court then does not engage in a claim-by-claim analysis as to whether the claims in the petition are successive. Under *Magwood*, the successive petition determination is made as to a petition as a whole, not as to claims within a petition. 130 S.Ct. at 2798.

The Court is not necessarily sanguine that the *Magwood* majority accurately gauged the potential amount of at least attempted relitigation that may well result from the seemingly

---

[12] *See also id.*, at 2792 ("Because Magwood's habeas application . . . challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)."); *id.*, at 2796 (agreeing that the petitioner's "first application challenging that new judgment cannot be 'second or successive'"); *id.*, at 2799 (framing the question of whether the second or successive petition rules "apply at all" to an application challenging a new judgment); *id.*, at 2800 ("the existence of a new judgment is dispositive"); *id.*, at 2801-02 (indicating that procedural default rules rather than successive petition rules would limit the bringing of abusive claims); *id.*, at 2802 n.15 (rejecting as "hyperbolic" the dissent's argument that a petitioner would be able to reraise every argument against a sentence that had been raised on the first round of federal review because "[i]t will not take a court long to dispose of such claims where the court has already analyzed the legal issues").

categorical rule stated therein. However, the stated rationale of the decision leads to the conclusion that a subsequent federal petition filed after the entry of a new judgment does not constitute a successive petition.

The Fifth Circuit has held that "the rule announced in *Magwood* applies only when a new sentence was imposed," and the Tenth Circuit has held in an unpublished opinion that the *Magwood* rule does not apply to amendments that merely correct clerical errors. *See In re Lampton*, ___ F.3d ___, 2012 WL 75798, at *2-3 (5th Cir., Jan. 11, 2012); *In re Martin*, 2010 WL 3995840 (10th Cir., Sept. 9, 2010). This Court is not persuaded, at least under current precedent. To be sure, *Magwood* can be distinguished factually from these other cases, and to an extent from this case, because a new sentencing hearing was involved in that case rather than an amendment merely to correct a clerical error. However, nothing in the stated analysis in *Magwood* turned upon whether there was an intervening *sentencing*, which of course was present on the facts of that case. The stated rationale instead turned upon whether there was an intervening *judgment*. Language from a prior case stating, in a different context, that "[t]he sentence is the judgment"[13] does not necessarily lead to the conclusion that *Magwood* was referring only to a new judgment entered following a new sentencing hearing. Moreover, in the present case, the clerical error corrected by the second amended judgment pertained to the *sentence* imposed.

This Court accordingly holds that the present petition is not successive, leaving it to the Supreme Court and/or the Ninth Circuit to place limits on the application of the straightforward – and potentially far-reaching in effect – rule stated in *Magwood*.

***Timeliness***

Under the reading in *Magwood* of the statutory language, the determination of whether an "application" is a second or successive petition under 28 U.S.C. § 2244(b) is keyed to the filing of an intervening state court judgment. It would tend to make sense that the timeliness

---

[13] *See Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the judgment.'" (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937))).

of any such non-successive petition, or "application," under 28 U.S.C. § 2244(d) also would be keyed to the filing of the intervening state court judgment.[14]

In the present case, the second amended judgment of conviction was filed on September 3, 2009, and the time for filing an appeal from that judgment expired on Monday, October 5, 2009. Thus, absent tolling or delayed accrual, the time for filing a federal petition challenging the second amended judgment of conviction would expire one year later on October 5, 2010.

Petitioner's two state petitions filed in 2010 would not statutorily toll the federal limitation period under 28 U.S.C. § 2244(d)(2) because they were dismissed as untimely. When a state petition is dismissed as untimely, that is "the end of the matter" with regard to statutory tolling under § 2244(d)(2).[15]

Accordingly, absent other tolling or delayed accrual, the time for filing a federal petition challenging the second amended judgment of conviction expired on October 5, 2010.

The October 8, 2009, original petition in this matter; the December 2, 2009, first amended petition; and the April 12, 2010 counseled second amended petition all were filed prior to October 5, 2010.

The June 11, 2011, counseled third amended petition was filed after the expiration of the federal limitation period under the analysis outlined above. However, the grounds in the third amended petition appear to arise out of the same operative facts as, and thus relate

---

[14] Petitioner suggests that the exhaustion issues should be addressed before timeliness, but the Court would prefer in most cases to not consider the prospect of additional federal and/or state proceedings as to claims that possibly are not timely in the first instance.

[15] *E.g., Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007); *Evans v. Chavis*, 546 U.S. 189, 194, 126 S.Ct. 846, 850, 163 L.Ed.2d 684 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 1812, 161 L.Ed.2d 669 (2005); *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 3039, 180 L.Ed.2d 858 (2011); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 3023, 180 L.Ed.2d 844 (2011); *White v. Martel*, 601 F.3d 882, 883-84 (9th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 332, 178 L.Ed. 2d 146 (2010).

The Supreme Court of Nevada held in *Sullivan v. State*, 120 Nev. 537, 96 P.3d 761, 764 (Nev.2004), that the filing of an amended judgment of conviction does not restart the state limitations period. This Court would note that both the 2005 *Pace* federal decision and the 2004 *Sullivan* state decision were decided well before the filing of the 2010 state petitions by Greene.

back to, the corresponding claims in the timely-filed second amended petition. It thus would appear that the claims presented are timely *qua* an attack on the second amended judgment.

The Court accordingly holds that the present petition and the claims therein are timely.

***Exhaustion***

Similar to the foregoing timeliness analysis, the exhaustion requirement should be applied in this novel context as a requirement that the claims in question be exhausted in the state courts *as an attack made specifically to the same intervening state court judgment being challenged in the federal court proceeding*.

The only ground in the third amended petition that was presented to the state courts as a challenge to the second amended judgment of conviction is third amended Ground 2. In third amended Ground 2, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when the state district court entered the second amended judgment of conviction in 2009 without an opportunity for either petitioner or counsel to be present.[16] Grounds 1 and 3 were not raised in either one of petitioner's petitions challenging the second amended judgment.[17]

Grounds 1 and 3 therefore are not exhausted as a challenge to the intervening judgment of conviction now being challenged in federal court. The state courts have not been given an opportunity to consider the claims as a challenge to this judgment, including the potential application of state procedural bars to the claims as a challenge to that judgment.

The petition, as amended, therefore is subject to dismissal as a mixed petition unless petitioner either dismisses the unexhausted claims or seeks other appropriate relief. While

---

[16]The Court is not persuaded by respondents' argument that all of the grounds in the third amended petition are not exhausted because petitioner attached two exhibits with the second amended petition that pertain to his sentence calculation that allegedly were not presented to the state courts.

The Court further is not persuaded by respondents' argument that Ground 2 is not exhausted because Greene makes additional factual allegations in federal court that were not presented in the state courts. The additional allegations do not fundamentally alter the claim exhausted in the state courts.

[17]Respondents contend further that these claims were not exhausted even as to the prior state court judgments of conviction.

petitioner's opposition, in principal part, argues for a stay to return to state court to exhaust claims, he must file a separate motion to seek such relief. The Court does not entertain such a request within the context of an opposition to a motion to dismiss, although petitioner's request for a stay reinforces the conclusion that the petition is not fully exhausted as to all claims.

IT THEREFORE IS ORDERED that respondents' motion (#30) to dismiss is GRANTED IN PART and DENIED IN PART, with the Court holding that Grounds 1 and 3 are not exhausted.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

IT FURTHER IS ORDERED that respondents may file a response to any such motion filed, and petitioner may file a reply, within the normal time limits provided for in Local Rule LR 7-2, but running initially from service of the verification rather than the motion.

The action taken by the Court herein is without prejudice to respondents' procedural default defense, as the Court must address the presence of unexhausted claims first.

DATED: January 31, 2012.

_____
EDWARD C. REED
United States District Judge