UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DELBERT M. GREENE,

                              Plaintiff,

     v.

RENEE BAKER, et al.,

                         Defendants.

Case No. 3:09-cv-00601-RCJ-VPC

ORDER

      This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Delbert M. Greene's counseled third amended petition (ECF No. 61.  Greene opposed (ECF No. 63), and respondents replied (ECF No. 64).

**I.       Procedural History and Background**

    The court shall recount the portions of the long history of these proceedings relevant to the current motion to dismiss.  Greene challenges his Nevada state conviction, pursuant to a jury verdict, of burglary while in possession of a deadly weapon (Count I), conspiracy to commit robbery (Count II), and robbery with the use of a deadly weapon (Count III) (exhibit 10 to respondents' first motion to dismiss, ECF No. 30).[1]

      At a September 9, 2003, sentencing, the district court sentenced Greene to: (a) 36 to 156 months on Count I; (b) 18 to 60 months on Count II, consecutive to Count I; and (c) 48 to 180 months on Count III, plus an equal and consecutive term on the

---

[1]  Unless otherwise noted, the exhibits referenced in this order are exhibits to respondents' first motion to dismiss, ECF No. 30, and are found at ECF Nos. 31-34.

weapon enhancement.  The court stated that Count III was to run concurrently with Count I and consecutively to Count II.  Exh. 16, pp. 22-23.

The October 3, 2003, original judgment of conviction reflected the foregoing sentencing except that the judgment failed to include the consecutive weapon enhancement sentence on Count III.  Exh. 18.

On May 18, 2004, on direct appeal, the Supreme Court of Nevada affirmed the convictions but remanded for a new sentencing hearing.  Exh. 23.  The state high court noted: (1) that the sentence for Count III could not run concurrently with Count I and consecutively to Count II when the sentence imposed for Count II ran consecutively to Count I; and (2) that the judgment of conviction made no mention of the deadly weapon enhancement imposed for Count III.  Id. at 2-3.

On July 8, 2004, petitioner appeared before the state district court with counsel.  The district court sentenced Greene to:  (a) 36 to 156 months on Count I; (b) 18 to 60 months on Count II, consecutive to Count I; and (c) 48 to 180 months on Count III, plus an equal and consecutive term on the weapon enhancement.  The court stated that Count III was to run consecutively to Counts I and II.  Exh. 4.

The July 15, 2004, first amended judgment of conviction reflected the foregoing sentence structure, except that last line of the judgment read:  "Count III to run consecutive to Counts II and *III*."  Exh. 26, p. 3 (emphasis added).

Greene appealed the amended judgment of conviction.  However, the above error in the recital in the first amended judgment apparently was not raised on the appeal, and it was not noticed at that time by the state supreme court.  On August 24, 2005, the Supreme Court of Nevada affirmed.  Exh. 40.

Greene thereafter filed several state and federal postconviction petitions for habeas relief.  On August 25 2009, the Nevada Supreme Court affirmed the dismissal of Greene's July 11, 2008 state postconviction petition as, *inter alia*, untimely.  Exh. 66.  The state supreme court noted in that order, however, that there was an error on the

2

face of the first amended judgment of conviction.  The amended judgment of conviction stated that Count III was to run consecutive to Counts II and III when the record reflected that the district court instead intended that Count III run consecutive to Counts I and II.  The state supreme remanded "for the district court to enter a corrected judgment of conviction to correct the clerical error" and "to transmit the corrected judgment of conviction to the Department of Corrections."  *Id.*

On September 3, 2009, the state district court filed a second amended judgment of conviction, which stated that "COUNT 3 is to run CONSECUTIVE to COUNTS 1 & 2, NOT, as to Counts 2 & 3 as stated in the Amended Judgment of Conviction."  Exh. 67.

Greene dispatched this federal habeas petition for mailing on or about September 17, 2009 (ECF No. 6).  On January 31, 2012, the court granted respondents' motion to dismiss the third amended petition in part, concluding that grounds 1 and 3 were unexhausted (ECF No. 38).  The court subsequently granted Greene's motion for stay and abeyance on April 4, 2012 (ECF No. 42).

On April 3, 2012, Greene filed his fifth state postconviction petition (exhibit 90 to respondents' second motion to dismiss, ECF No. 61).[2]  The state district court found that Greene demonstrated good cause to overcome the untimely filing of his petition and granted the fifth state petition on the merits.  Exh. 96.

The State appealed, and the Nevada Supreme Court reversed in a published opinion.  *State v. Greene*, 307 P.3d 322 (Nev. 2013) (attached as Exh. 112).  The court determined that the fifth state postconviction petition was untimely, successive and an abuse of the writ.  The court concluded that Greene failed to demonstrate cause and prejudice to overcome the state procedural bars, and therefore, the state district court erred in addressing the claims on the merits.  *Id.*

---

[2] Exhibits 89-116 are exhibits to respondents' second motion to dismiss, ECF No. 61, and are found at ECF No. 62.

This court granted Green's motion to reopen the case on January 9, 2015 (ECF No. 59).  Respondents have now filed a motion to dismiss the third amended petition as procedurally barred (ECF No. 61).

## II.    Legal Standards

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either:  (1) contrary to clearly established federal law, as determined by the Supreme Court;  or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to

exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  This is a narrow exception, and it is reserved for extraordinary cases only.  *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).  Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default.  *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

### III.    Instant Petition

### Ground 2

Greene sets forth three grounds for relief in his third amended petition (ECF No. 28). In ground 2 he asserts that his right to effective assistance of counsel was violated when the state district court filed the September 2009 second amended judgment without Greene present and without any counsel appearing on Greene's behalf.  *Id.* at 6-7.

Greene presented federal ground 2 as claims in his third and fourth state postconviction petitions.  Exhs. 69, 76.  The Nevada Supreme Court affirmed the denial of the third and fourth state postconviction petitions as untimely pursuant to NRS 34.726 and as successive pursuant to NRS 34.810.  Exh. 87 (consolidating the appeals of both petitions).  The state supreme court pointed out that Greene's filed the petition more than four years after remittitur on direct appeal from the amended judgment of conviction on September 20, 2005.  Greene had argued that he could demonstrate good cause to excuse the procedural bars because the 2009 second amended judgment of conviction was entered without a sentencing hearing or counsel, and it

increased his punishment.  The Nevada Supreme Court rejected this cause and prejudice argument, explaining that the 2009 second amended judgment merely corrected a clerical error and that such clerical mistake may be corrected at any time. The Nevada Supreme Court concluded that correction of a clerical error would not provide good cause for Greene and that when the second amended judgment of conviction was entered Greene did not have a right to counsel because the clerical correction did not implicate his substantial rights.  *Id.* at 2-3 (citing *Mempa v. Rhay*, 389 U.S. 128, 134 (1967).

Under Nevada law, the state district court shall dismiss a postconviction petition if it is filed more than a year after the entry of the judgment of conviction and no good cause is shown for the delay.  NRS 34.726.  A state district court shall dismiss a second or successive state postconviction petition if new and different grounds are alleged and a judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.  NRS 34.810(2).  Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. NRS 34.810(3).  The Nevada Supreme Court explicitly relied on these procedural bars when it declined to review the claims that correspond to federal ground 2.  Exh. 87, pp. 3-5.  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case -- NRS 34.726 and 34.810 -- are independent and adequate state grounds.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court finds that the Nevada Supreme Court's determination that federal ground 2 was procedurally barred under NRS 34.726 and 34.810(1)(b) constituted independent and adequate grounds for the court's dismissal of those claims in the state petitions.

Greene's oppositions to both the first motion to dismiss and the instant motion to dismiss are silent on the issue of procedural default (ECF Nos. 37, 63).  In his current opposition, Greene argues that a miscarriage of justice has occurred because he had already served part of his sentence at the time of that the 2009 second amended judgment of conviction was filed and that he was deprived representation of counsel during that critical stage of the proceedings (ECF No. 63, pp. 3-4).

Greene's claim of fundamental miscarriage of justice does not address factual guilt of the crimes.  He fails to demonstrate he suffered from a constitutional error or that the alleged error resulted in the conviction of an actually innocent person.  Greene provides no new evidence of an alleged error or new evidence that he is actually innocent.  At most, he alleges legal insufficiency and error, not actual innocence of the crimes themselves.  The court concludes that Greene has failed to demonstrate cause for the procedural default or that a fundamental miscarriage of justice has occurred.  Accordingly, ground 2 is dismissed as procedurally barred.

**Grounds 1 and 3**

In ground 1, Greene argues that his Sixth Amendment right to effective assistance of counsel was violated when his counsel sent an associate who had no knowledge of his case to represent Greene at the July 2004 re-sentencing (ECF No. 28, pp. 4-5).  In ground 3, Greene contends that his Fifth Amendment right to be free from double jeopardy was violated because he was convicted of burglary while in possession of a weapon and was also convicted of robbery with the enhancement for robbery with a deadly weapon.  *Id.* at 8.  He claims "enhancing two different offenses" based on the same weapon violated double jeopardy.  *Id.* at 8.

Greene presented federal grounds 1 and 3 in his fifth state postconviction petition. Exh. 90.  The Nevada Supreme Court reversed the state district court's grant of the petition and denied it as untimely pursuant to NRS 34.726 and as successive and an

7

abuse of the writ pursuant to NRS 34.810.  Exh. 112.  As discussed with ground 2, application of these procedural bars forms independent and adequate state grounds.

Therefore, this court finds that the Nevada Supreme Court's determination that federal grounds 1 and 3 were procedurally barred under NRS 34.726 and 34.810(1)(b) constituted independent and adequate grounds for the court's reversing the district court's grant of habeas relief on the fifth state petition.

As with ground 2, Greene again offers no argument regarding cause for this procedural default (ECF No. 62).  He asserts only that his Fifth and Sixth Amendment rights have been substantially violated, as set forth in federal grounds 1 and 3.  Greene has failed to demonstrate that an objective factor external to the defense impeded his efforts to comply with state procedural rules.  *Murray*, 477 U.S. at 488.

Accordingly, Greene's federal petition is dismissed with prejudice as procedurally barred.  As reasonable jurists would not find the dismissal of this petition as procedurally barred debatable or wrong, the court denies a certificate of appealability.

## IV.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 61) is **GRANTED**.  The petition is **DISMISSED** with prejudice as procedurally barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: This 12th day of February, 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE